UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED
MAY 28 2009**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MATT ONNEN, and UNITED STATES ex rel. MATT ONNEN, | CIV 07-4174 |
| Plaintiffs, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| SIOUX FALLS INDEPENDENT SCHOOL DISTRICT #49-5, a local government agency, and DARIN DARBY, DEANNA BARTH, KENT ALBERTY, DEBBIE HOFFMAN and DOUG MORRISON, the duly elected, qualified, and acting Members of the Sioux Falls School Board, individually and in their official capacities, and PAMELA HOMEN, the duly appointed qualified, and acting Superintendent of Schools of the Sioux Falls Independent School District, in her individual and official capacities, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Relator, Matt Onnen ("Onnen"), brings this action pursuant to the qui tam provision of the False Claims Act "FCA"), 31 U.S.C. § 3729, et seq., alleging that the defendants submitted false claims to the government. Defendants, Sioux Falls Independent School District #49-5, Darn Darby, Deanna Barth, Kent Alberty, Debbie Hoffman, Doug Morrison and Pamela Homan (collectively, "Defendants") have filed a Motion to Dismiss the Complaint pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. In the alternative, Defendants seek a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Finally, Defendants move for dismissal and removal of Plaintiff as an individual from this action pursuant to 31 U.S.C. § 3730(b). Plaintiffs oppose the Motion, but in the alternative seek leave to amend their Complaint. For the reasons

stated below, the Motion to Dismiss is granted, and Onnen is given leave to filed a motion to file an amended the Complaint.

## BACKGROUND

Prior to the termination of his employment, Onnen worked as Registrar of Southeast Technical Institute ("STI"). Onnen alleges that, during his employment at STI, Defendants applied for and received from the federal government money in excess of $2 million based on false and fraudulent representations that STI was graduating qualified individuals who had taken the proper courses, and that qualified teachers were being hired. The government conducted an investigation into Onnen's allegations and declined to intervene and prosecute the action. Onnen elected to continue the action, and he served the Complaint. Defendants argue that the Complaint, doc. 22, should be dismissed on the ground that Onnen failed to plead fraud with sufficient particularity.

## DISCUSSION

The False Claims Act ("FCA"), 31 U.S.C.A. §§ 3729-3733, permits a civil action by a private person, the relator, on behalf of the government, seeking recovery against those who knowingly submitted false or fraudulent claims to the government. Such actions are known as "qui tam" actions. Section 3729(a)(2) imposes civil liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2). In FCA litigation, there is a heightened pleading requirement because the claims are grounded in fraud. *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). Rule 9(b) of the Federal Rules of Civil Procedure provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." FED.R.CIV.P. 9(b). The "circumstances" mentioned in the Rule include "such matters as the time, place and contents of the false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997). In other words, "the who, what, when,

where, and how." *Roop*, 559 F.3d at 822 (quoting *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003)).

> If it alleges a systematic practice of submitting fraudulent claims, the FCA complaint must provide some representative examples of [the] alleged fraudulent conduct, specifying the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.

*Roop*, 559 F.3d at 822 (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556-57 (8th Cir. 2006)). "[T]he particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Costner*, 317 F.3d at 888.

Onnen alleges a very general time-frame for, and what STI obtained by, the alleged misrepresentations, but he does not specify the contents of the misrepresentations, or the identity of the person or persons who made them. Such general allegations of fraud with a complete lack of specificity fail to meet the requirements of Rule 9(b). Based on the allegations in the Complaint, it appears that Onnen was privy to the alleged misrepresentations, and that he should be able to correct the deficiencies in his Complaint.[1] In his response to the motion to dismiss, doc. 40, Onnen says he is worried about protecting innocent students and teachers who he alleges were unqualified. The Court does not see why it is necessary to name students or teachers in the Complaint in order to provide some specific factual context for the allegedly false statements attributed to Defendants, when the statements were made, and the identity of the persons who made them. The motion to dismiss Onnen's fraud claims will therefore be granted, without prejudice, and with leave for Onnen to file a proper motion to amend the Complaint in accordance with Local Rule 15.1. The proposed amended complaint must contain factual averments substantiating Onnen's claims that Defendants submitted false claims to the federal government in order to obtain funds. Accordingly,

---

[1] In his response to Defendants' motion to dismiss, Onnen says that he has filed a motion to amend as well as an accompanying affidavit and brief. The Court examined the docket sheet and found no such documents.

3

IT IS ORDERED:

(1) That the Motion to Dismiss is granted without prejudice to Onnen's right to file a motion to amend the Complaint in accordance with Local Rule 15.1. The motion to amend must be filed within 14 days from the date of this Order.

(2) That Defendants' alternative motion for a more definite statement, and the motion to remove Onnen as a named plaintiff, are denied as moot.

Dated this 20th day of May, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Shelly Margulies
(SEAL)    DEPUTY

4