UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
DEC 17 2009
CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MATT ONNEN, and UNITED STATES ex rel. MATT ONNEN, <br><br> Plaintiffs, <br><br> -vs- <br><br> SIOUX FALLS INDEPENDENT SCHOOL DISTRICT #49-5, a local government agency, and DARIN DARBY, DEANNA BARTH, KENT ALBERTY, DEBBIE HOFFMAN and DOUG MORRISON, the duly elected, qualified, and acting Members of the Sioux Falls School Board, individually and in their official capacities, and PAMELA HOMEN, the duly appointed qualified, and acting Superintendent of Schools of the Sioux Falls Independent School District, in her individual and official capacities, <br><br> Defendants. | CIV 07-4174 <br><br><br> MEMORANDUM OPINION AND ORDER REGARDING MOTION TO FILE AMENDED COMPLAINT |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court is a Motion to File Amended Complaint, doc. 46, filed by Relator, Matt Onnen ("Onnen"). Onnen brought this action pursuant to the qui tam provision of the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq., alleging that the defendants submitted false claims to the government. He requests leave to file an Amended Complaint. Defendants, Sioux Falls Independent School District #49-5, Darin Darby, Deanna Barth, Kent Alberty, Debbie Hoffman, Doug Morrison and Pamela Homan (collectively, "Defendants"), resist the motion. The United States' filed a Statement of Interest containing legal authority regarding the FCA, but the United States takes no position on Onnen's Motion to File Amended Complaint.

## BACKGROUND

Prior to the termination of his employment, Onnen worked as Registrar of Southeast Technical Institute ("STI"). Onnen alleges that during his employment at STI, Defendants applied for and received from the federal government money in excess of $2 million based on false and fraudulent representations that STI was graduating qualified individuals who had taken the proper courses, and that qualified teachers were being hired. The government conducted an investigation into Onnen's allegations and declined to intervene and prosecute the action. Onnen elected to continue the action, and he served the Complaint. Defendants filed a Motion to Dismiss the Complaint pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. In the alternative, Defendants sought a more definite statement. Onnen opposed the Motion to Dismiss, and in the alternative he sought leave to amend his Complaint. The Motion to Dismiss was granted because the Court found Onnen's general allegations of fraud lacked the specificity necessary to meet the requirements of Rule 9(b). Onnen was given leave to file a motion to amend the complaint, and his motion and proposed amended complaint have been filed. Defendants argue that the motion to amend should be denied.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED.R.CIV.P. 15(a). The Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the

proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.1998) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants argue that allowing Onnen's Amended Complaint would be futile. A determination that an amendment is futile means the Court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Cornelia I. Crowell GST Trust v. Possis Medical, Inc*, 519 F.3d 778, 781-82 (8th Cir. 2008).

Defendants first contend that STI, while it may be under the "general control" of the Sioux Falls School District, is a state agency and thus not a person subject to a qui tam action. According to Defendants, the motion to amend would, therefore, be futile and should be denied. This argument fails because, as Defendants point out in their brief, "a fact-specific inquiry determines what constitutes a state entity." (Doc. 49, p. 3.) The Court cannot conduct such an inquiry at this stage in the litigation.

Next, Defendants challenge a new claim Onnen seeks to add in the Amended Complaint asserting a deprivation of his right to due process in the termination of his employment under 42 U.S.C. § 1983. According to Defendants, Onnen's appeal of the Board's action is pending in State Court. Pursuant to the Eighth Circuit's holding in *Crooks v. Lynch*, 557 F.3d 846 (8th Cir. 2009), Onnen must exhaust his state remedies before he can state a procedural due process claim under § 1983. Onnen has not responded to Defendants' argument that he has failed to exhaust his remedies, and the Court will not allow him to add the § 1983 cause of action until he has shown that his state court remedies have been exhausted.

Defendants' third argument in opposition to Onnen's motion to amend is that the proposed Amended Complaint, doc 46, fails to plead fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. The Court reviewed the pleading requirements of Rule 9(b) in the Memorandum Opinion and Order issued on May 28, 2009, doc. 43, and that discussion will not be

repeated here. Onnen was directed to set forth the time, place and circumstances of the alleged fraudulent activities in an amended pleading. Defendants recognize that the proposed Amended Complaint "attempts to assemble, in a piecemeal fashion, a generalized semblance of 'who, what, where, when and how,'" but Defendants complain about the use of "generalized time frames and non-fact specific assertions" in the Amended Complaint. (Doc. 49, p. 9-10.)

Onnen delineates particular factual allegations in the Amended Complaint which are more specific than the allegations in the Complaint which this Court dismissed. In his Amended Complaint, Onnen alleges that, starting in 2004, the Supervisor of Student Services and Director of Student Affairs made misrepresentations to the Higher Learning Commission about teachers and students. That individual is alleged to have been aware that non-qualified students were being awarded degrees for the years 2003-2007, and failed to report it. That individual also allegedly later changed reports to make student placement rates look better to help the school's accreditation. Onnen also asserts that, in the years 2005 through 2007, his supervisor authorized the sending of information he or she knew to be false to the National Student Loan Clearing House. According to the Complaint, that individual also was aware that non-qualified students were receiving degrees. The Amended Complaint may not state the particulars of every alleged instance of fraud, but Rule 9(b) only requires it to include enough detail to inform Defendants of the factual "core" of the fraud claims. *See, e.g., Commercial Property Investments, Inc. v. Quality Inns Intern., Inc.*, 61 F.3d 639, 646 (8th Cir. 1995). A liberal reading of the Amended Complaint in its entirety establishes that it is pled in accordance with Rule 9(b). *See Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (noting that Rule 9(b)'s requirements must be read "in harmony with the principles of notice pleading" under rule 8). The Court is satisfied that the Amended Complaint gives Defendants sufficient notice of the claim that school officials were making false representations about students and teachers in order to obtain Title IV funds through several government programs. Any additional detail concerning the nature of Onnen's fraud claims can be obtained during discovery.

Defendants assert that even if fraud has been pleaded with sufficient particularity under Rule 9(b), the Amended Complaint fails to state a claim for which relief can be granted and the amendment would be futile. Onnen alleges that STI entered into a Program Participation Agreement ("PPA") in order to receive federal funds, that it intentionally and willfully violated the PPA, and that it executed the PPA without any intention of carrying out all of the requirements. Defendants assert that Onnen has failed to identify the provision of the PPA Defendants violated, what false statements were made, and the causal connection between the false statements and the payments received from the United States. Under the Court's liberal reading of Onnen's Amended Complaint, alleged violations of the PPA are set forth in paragraphs 24 through 34 of the Amended Complaint. (The Court does not have a copy of the PPA.) The United States points out in its Statement of Interest that the PPA (which Defendants entered into to enable STI to become and remain eligible to receive federal student loan benefits), constitutes conditions of payment, which, if proven false and material, could support a viable claim for purposes of the False Claims Act. While the Court finds that Onnen could have pleaded the alleged violations of the PPA with more particularity, the allegations in the Amended Complaint are sufficient to place Defendants on notice of the alleged violations and to allow them to respond, particularly when Onnen attaches a copy of the PPA to the Amended Complaint as directed below.

Finally, Defendants' oppose the addition of Onnen's retaliation claim in the Amended Complaint. On page seven of the Amended Complaint, Onnen cites 31 U.S.C. § 3730(h), followed by paragraphs 39 through 42 in which Onnen asserts a retaliation claim. The whistle-blower protection provision of the FCA at 31 U.S.C. § 3730(h) provides in relevant part as follows:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent on behalf of the employee, contractor, or agent or associated others in furtherance of other efforts to stop 1 or more violations of this subchapter.

31 U.S.C.A. § 3730(h)(1). In order to prove retaliation under this section, Onnen must show: "(1) the plaintiff was engaged in conduct protected by the FCA; (2) the plaintiff's employer knew that the

plaintiff engaged in the protected activity; (3) the employer retaliated against the plaintiff; and (4) the retaliation was motivated solely by the plaintiff's protected activity." *Schuhardt v. Washington Univ.*, 390 F.3d 563, 566 (8th Cir.2004) (citation omitted). The Eighth Circuit has defined FCA protected activity as follows:

> Protected activity is established when the employee's actions satisfy two conditions. First, the employee's conduct must have been in furtherance of an FCA action. Second, the employee's conduct must be aimed at matters which are calculated, or reasonably could lead, to a viable FCA action.... The protected activity element of a retaliation claim does not require the plaintiff to have filed an FCA lawsuit or to have developed a winning claim at the time of the alleged retaliation. Indeed, § 3730(h) protects internal whistleblowers who make a complaint about fraud against the government.

*Schuhardt*, 390 F.3d at 567 (internal citations and footnote omitted). Read liberally, Onnen's allegations in his Amended Complaint are sufficient to state a section 3730(h) relation claim. The evidence that he has to support the claim remains to be seen, but the Court cannot rule on the merits of the claim at this stage in the litigation.

In summary, the Court will allow Onnen to file his Amended Complaint with some revisions as noted in this Memorandum Opinion, including redaction of the section 1983 action. In addition, Onnen should ensure that his references to prior paragraphs in the Amended Complaint are correct. For example, paragraphs 28 and 34 refer to an employee identified in paragraph 26, but paragraph 26 does not identify anyone. Onnen should attach a copy of the PPA to the Amended Complaint and should specifically reference the provisions he alleges were violated. Accordingly,

> IT IS ORDERED that the Motion to File Amended Complaint, doc. 46, is granted to the extent set forth in this Memorandum Opinion. Onnen shall file the Amended Complaint within 5 business days from the date of this Order.

Dated this 17th day of December, 2009.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Colleen Schulte
(SEAL)      DEPUTY