
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MATT ONNEN, and UNITED STATES ex rel. MATT ONNEN, | CIV. 07-4174 |
| Plaintiffs, | |
| vs. | |
| SIOUX FALLS INDEPENDENT SCHOOL DISTRICT #49-5, a local government agency, and DARIN DARBY, DEANNA BARTH, KENT ALBERTY, DEBBIE HOFFMAN, and DOUG MORRISON, the duly elected, qualified, and acting Members of the Sioux Falls School Board, individually and in their official capacities, and PAMELA HOMEN, the duly appointed, qualified, and acting Superintendent of Schools of the Sioux Falls Independent School District, in her individual and official capacities, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

By Order dated December 17, 2009 (doc. 58), the Court directed an Amended Complaint be filed within 5 business days from the date of the Order. On December 28, 2009, Defendants filed their Motion to Dismiss or in the Alternative for Sanctions (doc. 61) which requests the Court dismiss the action, with prejudice, or alternatively impose sanctions in the form of a dismissal of the action, with prejudice, for Onnen's failure to timely comply with the December 17 Order.

On January 4, 2010, Onnen filed his Motion for Leave to Allow Late Filing of the Amended Complaint (doc. 63). Onnen's counsel disputes the filing deadline calculated by Defendants and outlines various reasons why the Amended Complaint was not filed until January 4, 2010. Both motions are fully briefed.

## DISCUSSION

First, Onnen's counsel disputes the filing deadline was December 24, 2009, as asserted by the Defendants and suggests the Amended Complaint was due on December 28 "because the Federal Clerk's Office was closed due to weather on the 24th of December." (Doc. 68 at p. 3.) Even though there was a significant snow storm and many offices were closed, the federal courthouse was open for business as usual until 5:00 p.m. on Thursday, December 24, 2009. The Court finds the deadline for filing the Amended Complaint was December 24, 2009.

Next, Onnen's counsel suggests he "was unable to access the attachments to the Court's e-mails of 17 December 2009 due to a problems (sic) encountered with the PACER system operated by the Court until 28 December 2009" and that the "PACER system run by the government for the express purpose of opening e-mail attachments . . . is on the fritz." (Doc. 68 at p.3 and Doc. 65 at p. 6.) Although it is possible that there were problems with the PACER system, the Court is unaware of any problems with the PACER system in December of 2009. It is also recognized Onnen's counsel may have had technical difficulties on his end. Counsel does acknowledge receiving notice of the filing of the Order on December 17. Even if there was a problem on one end or the other of the electronic systems, the federal courthouse and counsel's office are not far from each other in Sioux Falls, so if there is an electronic problem, it is still possible to do things the old-fashioned way and go to the courthouse. That he waited until December 28 to investigate and seek assistance from the Clerk of Court is not a valid legal excuse for noncompliance with the Order.

Lastly, in his sworn affidavit, Onnen's counsel represents he was out of state the week of December 17 attending to another client's legal matters, had a medical situation which required a visit to the doctor upon his return, and had limited staff due to holiday and weather-related closings. Defendants take exception to each and every reason given for the late filing.

Federal Rule of Civil Procedure 6(b) authorizes the district court to exercise its discretion to permit a motion after the time has expired if the party failed to act because of excusable neglect.

*See Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010). Specifically, Rule 6(b)(1)(B) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.

FED.R.CIV.P. 6(b)(1)(B). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (citation and quotation omitted). An additional consideration is whether the noncompliance was the plaintiff's or solely his attorney's. *See Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985). Dismissal with prejudice is a drastic sanction which should be exercised sparingly because the effect of such an order is to forever deny a plaintiff access to the courts for the impartial resolution of potentially meritorious claims. *Id.*

In this case, Plaintiff filed the Amended Complaint on January 4, 2010, less than two weeks after the deadline. It appears the noncompliance was Plaintiff's attorney's and was not attributable to Plaintiff himself. Defendants are frustrated with how slowly this case is proceeding, but they do not assert they have or will suffer undue prejudice as a result of the late filing. Accordingly,

IT IS ORDERED:

1.  That Plaintiff's Motion to Allow Late Filing (Doc. 63) is GRANTED.

2.  That Defendants' Motion to Dismiss or in the Alternative for Sanctions (Doc. 61) is DENIED.

3.  That Defendants shall file their Answer or other responsive pleading to the "Court Ordered Redacted and Supplemented Amended Complaint" on file as Document 66.[1]

---

[1] The parties argued other issues regarding the sufficiency and contents of Plaintiff's Amended Complaint in their pleadings relative to these motions. This opinion does not address those issues because the only matters pending before the Court are Plaintiff's Motion to Allow Late Filing and Defendants' Motion to Dismiss or in the Alternative for Sanctions.

Dated this 9⁺ day of August, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By _____
    Deputy