

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MATT ONNEN, and UNITED STATES ex rel. MATT ONNEN, | * * * | CIV 07-4174 |
| Plaintiffs, | * * | |
| -vs- | * * | MEMORANDUM OPINION AND ORDER REGARDING |
| SIOUX FALLS INDEPENDENT SCHOOL DISTRICT #49-5, a local government agency, and DARIN DARBY, DEANNA BARTH, KENT ALBERTY, DEBBIE HOFFMAN and DOUG MORRISON, the duly elected, qualified, and acting Members of the Sioux Falls School Board, individually and in their official capacities, and PAMELA HOMEN, the duly appointed qualified, and acting Superintendent of Schools of the Sioux Falls Independent School District, in her individual and official capacities, | * * * * * * * * * * * * * | MOTION TO DISMISS AND MOTION FOR SANCTIONS |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court are Motion for Sanctions, doc. 76, filed by Relator, Matt Onnen ("Onnen"), and Motion to Dismiss, doc. 73, filed by Defendants, Sioux Falls Independent School District #49-5, Darin Darby, Deanna Barth, Kent Alberty, Debbie Hoffman, Doug Morrison and Pamela Homan (collectively, "Defendants"). Onnen brought this action pursuant to the *qui tam* provision of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, alleging that Defendants submitted false claims to the government. In an amended complaint, Onnen added a retaliation claim under the whistle-blower protection provision of the FCA, 31 U.S.C. § 3730(h). The government has declined to intervene in Onnen's suit.

## BACKGROUND

Prior to the termination of his employment, Onnen worked as Registrar of Southeast Technical Institute ("STI"). Onnen's employment with STI was terminated on August 30, 2007. The Sioux Falls School Board approved the termination on September 10, 2007. On November 6, 2007, Onnen filed an appeal of that decision pursuant to SDCL 13-46-1.[1] In the appeal to the state circuit court, Onnen asserted that the Board's decision to dismiss him form his position as Registrar at STE was arbitrary and unreasonable, and in violation of the public policy set forth in SDCL 60-11-17.1.[2] Onnen's appeal of the School Board's decision to terminate his employment was heard in a three-day trial in state court on December 2 through December 4, 2009.[3] The state court affirmed the School Board's termination decision by a letter decision dated January 25, 2010, finding that the evidence was clear Onnen was terminated for no reason other than his incompetence as Registrar. A Final Order was issued by the state court on February 9, 2010. Onnen filed a Motion for New Trial which was denied by an Order issued on June 3, 2010. On July 1, 2010, Onnen filed a Notice of Appeal to the South Dakota Supreme Court.

---

[1]SDCL § 13-46-1 provides:
From a decision made by any school board, or by a special committee created under any provision of the school law relative to a school or school district matter or in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act, an appeal may be taken to the circuit court by any person aggrieved, or by any party to the proceedings, or by any school district interested, within ninety days after the rendering of such decision. Provided, however, that all legal actions relative to bond issues must be started within ten days.

[2]SDCL § 60-11-17.1 provides:
No employer may discharge, discriminate, or engage in or threaten to engage in any reprisal, economic or otherwise, against any employee because the employee has made any complaint to the employer, or to the Department of Labor, that the employee has not been paid wages in accordance with this chapter or because the employee has made any complaint or is about to institute any proceedings, or because the employee has testified or is about to testify in any such proceedings.

[3]A circuit court must review the school board's decision *de novo* as provided in SDCL§ 13-46-6, but the South Dakota Supreme Court has held that great deference is given to school board decisions and "the circuit court's review is not a trial *de novo* in the ordinary sense of the phrase." *Collins v. Faith School Dist. No. 46-2*, 574 N.W.2d 889, 892 (S.D. 1998) (quotation omitted).

On November 19, 2007, Onnen filed the first complaint in this federal action pursuant to the *qui tam* provisions of the FCA which permit private parties to file actions on behalf of themselves and the United States to recover damages under the Act. He filed an amended complaint on November 21, 2007, and another on March 7, 2008. Onnen alleged that during his employment at STI, Defendants applied for and received from the federal government money based on false and fraudulent representations that STI was graduating qualified individuals who had taken the proper courses, and that qualified teachers were being hired. After his complaint was dismissed for failing to plead fraud with particularity, Onnen filed an amended complaint more clearly alleging what he believes Defendants did to falsely certify compliance with requirements that were necessary to receive federal funds pursuant to STI's Program Participation Agreement with the Department of Education.[4] Onnen also asserts a claim that his employment was terminated in retaliation for his investigation and reporting of the fraud allegedly perpetrated by Defendants.

When he first served the Complaint, Onnen failed to serve a copy of the Written Disclosure Statement upon the Attorney General, as required by 31 U.S.C. § 3730(b)(2). He fulfilled this requirement on January 8, 2008, thereby commencing the sixty-day period during which the United States could exercise its option to intervene and take over prosecuting the case, and during which the pleadings were to remain under seal. (Doc. 13.) Extensions of the sixty-day period were requested by the United States, and granted by the Court, until August 5, 2008, when the United States filed the Declination to Intervene. (Doc. 28.) The case was unsealed by Order issued on October 7, 2008, and the summonses were issued on November 10, 2008. Defendants' first motion to dismiss was filed on December 1, 2008. On May 28, 2009, the Court granted Defendants' motion and dismissed the Complaint for failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Onnen was given leave to file a motion to amend the complaint. A subsequent motion to amend the complaint was filed, and it was granted by the Court on December 17, 2009. Onnen made some changes to the amended complaint, as directed by the Court,

---

[4]In order to participate in federal student assistance programs, institutions must execute a program participation agreement (PPA) with the United States Department of Education, agreeing to the terms and provisions in the agreement. Eligible students may then receive federal grants or loans.

3

and he filed it on January 4, 2010. Defendants filed another motion to dismiss the amended complaint, asserting that it was untimely. That motion was denied by the Court on August 9, 2010. (Doc. 72.) The Court directed Defendants to file their Answer to the Complaint, or other responsive pleading. The pending Motion to Dismiss followed.

Defendants now ask the Court to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b) and 41(b). The Court set forth the pleading requirements and standard of review under Rule 9(b) in the Memorandum Opinion and Order issued on May 28, 2009, doc. 43, and that discussion will not be repeated here. Rule 12(b)(6) requires the court to review only the pleadings to determine whether they state a claim upon which relief can be granted. In considering a motion to dismiss, the court assumes all facts alleged in the complaint are true, construes the complaint liberally in the light most favorable to the plaintiff, and should dismiss only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). "The issue is not whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 191 (1984).

## DISCUSSION

Defendants first contend that Onnen cannot bring this *qui tam* action in his own name. The caption of the case names Matt Onnen individually as well as Matt Onnen on behalf of the United States. The government is the real party in interest in a *qui tam* action filed pursuant to 31 U.S.C. § 3730(b) even if the government declines to intervene. *See United States ex rel. Zissler v. Regents of the University of Minnesota*, 154 F.3d 870, 872 (8th Cir. 1998) (noting the extensive benefit to the government from any recovery and the extensive power the government has to control the litigation). The statute requires the action to be brought "in the name of the Government." 31 U.S.C. § 3730(b)(1). Thus the correct name of the plaintiff in this case is "United States ex rel. Matt Onnen," without Matt Onnen being named individually.

The individual Defendants, Daby, Barth, Alberty, Hoffman, Morrison and Homan, have moved for dismissal in their individual capacities. In order to prove these claims against them, Onnen would need to show that Defendants in their individual capacities knowingly made false claims for government reimbursement. *See United States ex rel. Golden v. Arkansas Game & Fish Com'n*, 333 F.3d 867, 870 (8th Cir. 2003). Paragraph 34 of the Amended Complaint alleges that Defendants knew about the false claims made against the government but did not advise the government "for to do so would endanger their funding." Doc. 66, ¶ 34. Read liberally, Onnen's allegation in paragraph 34 is sufficient to avoid dismissal of Defendants in their individual capacities.

Defendants argue that Onnen has failed to plead fraud with particularity under Rule 9(b), and has failed to state a claim upon which relief can be granted under Rule 12(b)(6), because he did not attach to the Amended Complaint a copy of the Program Participation Agreement ("PPA") entered into by STI in order to receive federal funds. Onnen explained that he could not attach a copy of the PPA to the Amended Complaint as directed by the Court because he did not yet have a copy of it. He explained that his work as the Registrar at STI gave him personal knowledge of the requirements of all PPAs. In his Amended Complaint, Onnen set forth specific PPA requirements allegedly violated by Defendants in this case.[5] The Court finds that the Amended Complaint pleads the alleged violations of the PPA with sufficient particularity to place Defendants on notice of the alleged violations and to allow them to respond, even without a copy of the PPA being attached to the Amended Complaint.

Next, Defendants assert Onnen's FCA claims are barred by the doctrines of res judicata and collateral estoppel because he had a full and fair opportunity to litigate the issues in the state court proceedings in *Onnen v. Sioux Falls Indep. Sch. Dist. #49-5*, Civ. 07-4594 (S.D. 2nd Cir.). Under

---

[5]The United States noted in its Statement of Interest, doc. 53, that the PPA which Defendants entered into to enable Southeast Technical Institute to become and remain eligible to receive federal student loan benefits constitutes conditions of payment, which, if proven false and material, could support a viable claim for purposes of the False Claims Act.

the full faith and credit statute, 28 U.S.C. § 1738,[6] "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *see Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010). Therefore, in determining whether the South Dakota judgment has preclusive effect on this action, the Court follows South Dakota law of res judicata which requires that: "(1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issues in the prior adjudication." *DM&E v. Acuity*, 720 N.W.2d 655, 661 (S.D. 2006) (citing *Matter of Guardianship of Janke*, 500 N.W.2d 207, 209 (S.D. 1993)).

With respect to the first requirement of res judicata, identical issues, the South Dakota Supreme Court has adopted the broad test in *Hanson v. Hunt Oil Co.*, 505 F.2d 1237, 1240 (8th Cir. 1974), for determining if both causes of action are the same. *See DM&E*, 720 N.W.2d at 661. A cause of action is identical if the wrong sought to be redressed is the same in both actions. *See id.* In order to apply this test in the present case, the Court must distinguish Onnen's personal cause of action under the anti-retaliation provision of the FCA, 31 U.S.C. § 3730(h),[7] from his *qui tam* claim

---

[6]The Full Faith and Credit Statute states in relevant part that "[s]uch Acts, records and judicial proceedings [of any State, Territory, or Possession of the United States] or copies thereof ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

[7]31 U.S.C. § 3730(h) provides in relevant part as follows:
Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent on behalf of the employee, contractor, or agent or associated others in furtherance of other efforts to stop 1 or more violations of this subchapter.
31 U.S.C. § 3730(h)(1). In order to prove retaliation under this section, Onnen must show: "(1) the plaintiff was engaged in conduct protected by the FCA; (2) the plaintiff's employer knew that the plaintiff engaged in the protected activity; (3) the employer retaliated against the plaintiff; and (4) the

that Defendants falsely certified compliance with a list of requirements in order to receive federal funds.[8]  Some courts have concluded that a relator's earlier filed case involving state wrongful termination claims may bar a 3730(h) retaliation claim arising out of the same facts. *See, e.g., Hindo v. University of Health Sciences/The Chicago Medical School*, 65 F.3d 608, 614-15 (7th Cir. 1995) (state wrongful termination case barred subsequent retaliation claim under 31 U.S.C. § 3730(h), but a trial was held on *qui tam* claims brought pursuant to 31 U.S.C. § 3729(a) for fraud on the government); *United States ex rel. Bondy v. Consumer Health Foundation*, 2001 WL 1397852 (4th Cir. Nov. 9, 2001) (unpublished) (prior age discrimination claim barred subsequent FCA retaliation claim under section 3730(h)).

On the other hand, courts have concluded that *qui tam* false claim actions are not precluded by prior employment litigation.  In *United States ex rel. Laird v. Lockheed Martin Engineering and Science Services Co.*, 336 F.3d 346 (5th Cir. 2003), the Fifth Circuit held that state retaliation claims are sufficiently distinct from federal *qui tam* claims that the state claims do not have preclusive effect. *See Laird*, 336 F.3d at 360  (applying Texas claim preclusion law and concluding that *qui tam* action not barred by adjudication of state wrongful discharge claims arising out of related facts), *abrogated on other grounds by Rockwell Intern. Corp. v. United States*, 549 U.S. 457 (2007).  The first action in *Laird*, brought in a Texas court, involved the plaintiff's claim that he had been fired for asking about the legality of his company's reporting forms required under a contract with NASA.  The second action, a *qui tam* False Claims Act action, was brought in federal court asserting that the plaintiff's former employer committed fraud in winning the NASA contract on terms that it knew could not be met, and in its ongoing budget reports required to be filed under the contract.  The Fifth Circuit ruled against preclusion of the federal *qui tam* action in part because the two actions would

---

retaliation was motivated solely by the plaintiff's protected activity." *Schuhardt v. Washington Univ.*, 390 F.3d 563, 566 (8th Cir. 2004) (citation omitted).

[8]The relevant provisions of the False Claims Act create liability for a person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A), or who"knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim," *id.* at § 3729(a)(1)(B), or who "conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G)," *id.* at § 3729(a)(1)(C).

not form a convenient trial unit. Evidence regarding the employer's intent to defraud the government would not have been helpful in litigating the state tort claims; the remedies sought and the measure of recovery would be completely different; and the plaintiff's motivation in bringing the wrongful-discharge action differed from his motivation in bringing the *qui tam* action. *Laird*, 336 F.3d at 358–360.  The Fifth Circuit distinguished *Laird* from cases that involve retaliation claims under the anti-retaliation provision of the FCA, such as *Hindo v. University of Health Sciences/The Chicago Medical School*, where the Seventh Circuit held that the section 3730(h) retaliation claim was barred by an earlier state court employment suit.

Later, the Seventh Circuit joined the Fifth Circuit in concluding that the resolution of personal employment litigation did not preclude a *qui tam* action. *See United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849 (7th Cir.2009).  In overturning the lower court's dismissal of a relator's *qui tam* suit as barred by the res judicata effect of his previously-settled retaliation suit brought under 31 U.S.C. § 3730(h), the Seventh Circuit held that:

> [T]he resolution of personal employment litigation does not preclude a *qui tam* action, in which the relator acts as a representative of the public. The special status of the United States counsels against reflexive transfer of rules of preclusion from private to public litigation. *See United States v. Mendoza*, 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (non-mutual issue preclusion does not apply to suits involving the United States).

Even though the prior lawsuit in *Lusby* was brought under the anti-retaliation provision of the FCA and the second action was brought under the *qui tam* provisions of the FCA, the Seventh Circuit noted that the procedural differences between personal and *qui tam* litigation are "so great that it is often impractical to pursue both claims in one suit - - and sometimes impossible."

A.      Onnen's Retaliation Claim, 31 U.S.C. § 3730(h)

After carefully reviewing the transcript of the three-day trial in state court, and the other pleadings from the state court action that were provided by Defendants,[9] the Court agrees with

---

[9]The Court may take judicial notice of the pleadings, orders and trial transcript in the state court action and may consider them on a motion to dismiss. *See Stahl v. United States Dept' of*

Defendants that Onnen's retaliation claim is barred. After the trial, which included Onnen's own testimony, the state court judge ruled that the sole reason for Onnen's discharge was his incompetence as Registrar. The state court specifically found that Onnen failed to prove he was a whistle blower or that the school terminated him in reprisal or retaliation for whistle blowing. All four requirements of South Dakota res judicata law are met. First, the issue in the state court action is identical to the issue here: Onnen claims he was fired in retaliation for calling improper activities to his superiors' attention. Second, there is a final judgment on the merits in the prior action.[10] Third, the parties to the retaliation claim are the same or are in privity. Finally, there was a full and fair opportunity to litigate the issues of alleged whistle blowing and retaliation. Under the doctrine of res judicata, Onnen is precluded from litigating his 3730(h) retaliation claim.

B.    Onnen's False Claims Act Claim, 31 U.S.C. § 3730(b)

Defendants admit Onnen did not assert a claim for FCA violations in his state court appeal. According to Defendants, although Onnen's federal lawsuit advances a different legal theory and a different remedy than in his state court case, the facts, the parties and the alleged wrongdoing in both actions are the same and, therefore, the causes of action are the same. The Court does not agree that these two causes of action are the same. Onnen's appeal to the state court focused on the legality of his termination, while the evidence in the *qui tam* action will focus on whether Defendants falsely certified compliance with a list of requirements in the Program Participation Agreement in order to receive federal funds. The purpose of Onnen's appeal in state court was to challenge his termination,

---

*Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003).

[10]Relying on *Hobart v. Ferebee*, 776 N.W.2d 67, 76 (S.D. 2009), Onnen argues that the state court judgment has no preclusive effect under res judicata because it is on appeal before the South Dakota Supreme Court and, therefore, it is not a final judgment on the merits. The Court agrees with Defendants that the holding in *Hobart* is not as broad as Onnen contends. In *Hobart*, the Court calculated that the denial of a motion to dismiss became "final and unreversed" 30 days after it was issued and not appealed, triggering the doctrines of res judicata and collateral estoppel. This may mean that a judgment becomes final for res judicata purposes when the time for appeal runs, but it is not a ruling that South Dakota state court decisions do not have preclusive effect while pending on appeal. Defendants' failure to cite *Hobart* did not violate Rule 11, and Onnen's motion for sanctions based on Defendants' failure to cite the *Hobart* case will be denied.

while the *qui tam* action is to recover damages for losses sustained by the government due to fraud. The *qui tam* action presents the government's claim and involves the government as a potential party and a participant in any settlement. In the *qui tam* action, Onnen is a representative of the public attempting to redress a wrong to the government. This is not a case of a party relitigating the same issue. In regard to Onnen's *qui tam* claim, the first element of res judicata, identical issues, is not met.

Defendants cite *Chen v. Zygo Corp.*, 1998 WL 640431 (2d Cir. March 13, 1998) (unpublished), in support of their argument that the *qui tam* claim is barred by res judicata. *Chen* does not support their argument. In *Chen*, the Second Circuit affirmed dismissal of the plaintiff's FCA retaliation claim under the doctrine of res judicata because the plaintiff earlier brought a state retaliation claim in Connecticut state court. T he district court did not dismiss the FCA *qui tam* claim; rather, the court entered summary judgment for the plaintiff on that claim, and damages were awarded to the plaintiff and the United States. *Chen* provides support for the proposition that Onnen's FCA retaliation claim is barred by res judicata but his FCA *qui tam* claim is not.

The third element of res judicata also is absent here. The parties are not the same or in privity because the United States, the real party in interest in the *qui tam* action, had no involvement in the state administrative appeal.

Finally, there was no opportunity for Onnen to litigate the *qui tam* issues in the state court action, which is the fourth requirement for application of res judicata under South Dakota law. As noted by the Fifth Circuit in *Laird* and the Seventh Circuit in *Lusby*, practical constraints imposed by the FCA's procedures for *qui tam* actions weigh against precluding the *qui tam* claim under the doctrine of res judicata. A *qui tam* action cannot be served on the defendant until the United States has decided whether to intervene. In contrast, Onnen had only 90 days to appeal the School Board's decision to terminate his employment. Onnen filed his appeal in state court on November 6, 2007. He filed the Complaint in this FCA action on November 19, 2007. After considering its options, the United States filed its Declination to Intervene on August 5, 2008. Subsequently, the case was

10

unsealed.  It was served on the Defendants on November 10, 2008.  As a practical matter, Onnen could not have served the *qui tam* action along with a timely appeal to the state court.

Furthermore, a claim should not be precluded when the state tribunal lacked authority to entertain the claim.  *See, e.g., Tolefree v. City of Kansas City, Mo.*, 980 F.2d 1171 (8th Cir. 1992) (prior administrative determination that black employee's dismissal by city was justified did not bar, on res judicata grounds, employee's Title VII claim against the city in federal court).  Onnen's action in state court was not a wrongful discharge case.  Rather, Onnen's state court appeal was a step in an administrative challenge to his dismissal.  In appealing the School Board's decision to the state court, Onnen was merely seeking to have his dismissal reversed.  South Dakota law limits the state court's involvement to consideration of whether Onnen's dismissal was legal:

> The legality of a school board's decision is determined by a two-prong review. First, the procedural regularity of the decision is reviewed. This review includes whether the school board was vested with the authority to act and whether all procedural requirements required by law were followed. *Id.* Second, the school board's decision is reviewed to determine whether the decision was arbitrary, capricious or an abuse of discretion. *Tschetter*, 302 N.W.2d at 45-46. The circuit court may reverse or modify the school board's decision only "if substantial rights of appellant have been prejudiced because the board's findings, inferences, conclusions, or decisions are clearly erroneous in light of the entire evidence in the record, or are arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." *Id.* at 46.

*Sutera v. Sully Buttes School Dist. 58-2*, 561 N.W.2d 20, 23 (S.D. 1997).  During the three-day hearing in state court, testimony was heard that Onnen raised concerns to his superiors at STI about granting degrees to instructors based on prior learning credits or transfer credits, and that he complained because a catalog listed an STI instructor as having degrees he did not have.  The crux of the issue at the hearing before the state court was whether Onnen was fired in retaliation for raising concerns about proper credentialing of instructors at STI, or whether he was fired for improperly awarding degrees to 28 students who had not earned them.  No mention was made of the Program Participation Agreement entered into between STI and the government, or of any other allegations that Defendants presented, or caused to be presented, false or fraudulent claims to the government for payment.  Simply put, the state court did not address the FCA *qui tam* claims, and Defendants do

not explain how Onnen could have raised those claims before the state court. It was therefore proper for Onnen to initiate this federal court *qui tam* action.

None of the claims in Onnen's *qui tam* action could have or should have been joined in his administrative appeal of the school board's termination decision. The necessary elements of res judicata under South Dakota law are not met here, and Onnen is not precluded from pursing the *qui tam* action in this case. Accordingly,

IT IS ORDERED:

1.  That Defendants' Motion to Dismiss, doc. 73, is granted to the extent that the retaliation claim brought pursuant to 31 U.S.C. § 3730(h) is dismissed without prejudice to Onnen's right to renew the claim if the state court judgment is reversed on appeal. The Motion to Dismiss is denied as to Onnen's *qui tam* claim.

2.  That Plaintiff's Motion for Sanctions, doc. 76, is denied.

3.  That Plaintiff's Motion to Amend/Correct Response to Motion to Dismiss, doc. 86, is granted but it has no effect on the Court's decision in this case.

4.  That the caption will be amended to reflect the plaintiff's name as: "United States ex rel. Matt Onnen."

Dated this 18th day of February, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wah
(SEAL)        DEPUTY

12