UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES ex rel. Matt Onnen, | * | CIV. 07-4174 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| SIOUX FALLS INDEPENDENT SCHOOL | * | ORDER |
| DISTRICT #49-5, a local government agency, | * | |
| and DARIN DARBY, DEANNA BARTH, | * | |
| KENT ALBERTY, DEBBIE HOFFMAN, | * | |
| and DOUG MORRISON, the duly elected, | * | |
| qualified, and acting Members of the | * | |
| Sioux Falls School Board, individually and | * | |
| in their official capacities, and PAMELA | * | |
| HOMEN, the duly appointed, qualified, and | * | |
| acting Superintendent of Schools of the | * | |
| Sioux Falls Independent School District, | * | |
| in her individual and official capacities, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is the defense motion to compel plaintiff to produce written reports from plaintiff's designated experts or in the alternative to prevent plaintiff from using their designated experts.[1] Also pending is plaintiff's counter motion to strike defendants' initial disclosures.[2]

---

[1]Doc. 97.

[2]Doc. 100.

## BACKGROUND

This nearly four year old case was filed on November 19, 2007.[3]  The case was transferred to this judge with the consent of the parties on April 27, 2011.[4]  On April 28, 2011, a Scheduling Order was filed which included deadlines for discovery and designated a trial date.[5]  The trial is to commence September 26, 2011.  In the Scheduling Order "[t]he parties are advised it is the court's intent this case proceed to trial on September 26, 2011, and any continuance motions will be held to a strict and strong showing of good cause."[6]  Lest there be any doubt, this case is will go to trial on September 26, 2011, if it is going to be tried.

The deadline for disclosing expert reports was June 15.  The discovery deadline was July 31.  Plaintiff neither furnished expert reports by June 15 nor furnished his experts for deposition before July 31.  Plaintiff cites the need of one expert to take care of elderly parents as the reason for not providing the expert report.  Plaintiff also complains that a report or reports which his expert needed in order to prepare his expert written report was not furnished by defendants.[7]  Defendants respond by arguing that plaintiff asserted the contrary in his complaint.[8]  Plaintiff asserts the second expert he designated is actually a fact witness who was formerly employed by defendants during the pertinent times.[9]

## ANALYSIS

Before the current Rule 26 became effective, trials occurred the old fashioned way.  Rule 26 was first adopted to reduce the risk of trial by ambush and later amended to require full disclosure

---

[3]Doc. 1.

[4]Doc. 94.

[5]Doc. 95.

[6]Doc. 95, ¶ 10.

[7]Doc. 100, p. 3.

[8]Doc. 103, p. 4.

[9]Doc. 100, p. 4.

of evidence to prevent any surprises during trial.  The lawyers in this case are well known to this judge.  They are experienced lawyers.  They are capable of litigating and trying a case the old fashioned way, i.e. working out their differences themselves knowing that the trial date is cast in concrete and knowing the consequences for not providing expert reports and not providing witnesses for deposition before trial.  While striking plaintiff's experts is justifiable under the circumstances, there is still time to correct the prejudice to the defense.  For that reason plaintiff will be given a last chance and the defense motion to strike will be denied without prejudice.  It goes without further analysis that plaintiff's counter motion to strike defendants' initial disclosures as a result of using an incorrect caption is also denied.  It is

ORDERED that:

1.    Defendants' motion to compel or in the alternative to strike plaintiff's experts is DENIED WITHOUT PREJUDICE.[10]

2.    Plaintiff's motion to strike defendants' initial disclosures is DENIED.[11]

3.    Plaintiff must produce its written reports from his expert witnesses not later than Tuesday, September 6, 2011, and produce his experts for depositions in Sioux Falls at plaintiff's expense, or at such other time and place as the parties agree, not later than September 16, 2011.

4.    No other depositions are allowed.

Dated August 4, 2011.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge

---

[10]Doc. 97.

[11]Doc. 100.