UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES ex rel. Matt Onnen, | * | CIV. 07-4174 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| SIOUX FALLS INDEPENDENT SCHOOL | * | ORDER |
| DISTRICT #49-5, a local government agency, | * | |
| and DARIN DARBY, DEANNA BARTH, | * | |
| KENT ALBERTY, DEBBIE HOFFMAN, | * | |
| and DOUG MORRISON, the duly elected, | * | |
| qualified, and acting Members of the | * | |
| Sioux Falls School Board, individually and | * | |
| in their official capacities, and PAMELA | * | |
| HOMEN, the duly appointed, qualified, and | * | |
| acting Superintendent of Schools of the | * | |
| Sioux Falls Independent School District, | * | |
| in her individual and official capacities, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is Defendants' Motion to Strike and Request for Shortened Response Time.[1] Defendants have submitted a supporting Brief.[2]  For the reasons explained below, the Motion is DENIED.

## BACKGROUND

This nearly four year old case was filed on November 19, 2007.[3]  The case was transferred

---

[1]Doc. 117.

[2]Doc. 118.

[3]Doc. 1.

to this judge with the consent of the parties on April 27, 2011.[4]  On April 28, 2011, a Scheduling Order was filed which included deadlines for discovery and designated a trial date.[5]  The trial is to commence September 26, 2011.  In the Scheduling Order "[t]he parties are advised it is the court's intent this case proceed to trial on September 26, 2011, and any continuance motions will be held to a strict and strong showing of good cause."[6]  Lest there be any doubt, this case is will go to trial on September 26, 2011, if it is going to be tried.

On August 15, 2011, the Defendants filed a Motion for Judgment on the Pleadings or Alternatively for Summary Judgment,[7] along with a Statement of Undisputed Material Facts[8] and a Supporting Brief. [9]  Defendants also filed  supporting Affidavits.[10]  Thereafter, Plaintiff filed his Affidavits opposing the Defendants' Motion,[11] along with his Statement of Undisputed and Disputed Material Facts[12] and a Brief in Response to the Defendants' Motion. [13]  Defendants move to strike "significant portions of the Affidavit of Matt Onnen" because they assert it does not comply with Fed. R. Civ. P. 56(c)(4) and is therefore insufficient to defeat their Motion for Summary Judgment. Defendants also request the Court to enter an Order requiring Plaintiff to respond to the Motion to Strike in less than the usual required time given the quickly approaching trial date.

## ANALYSIS

The Defendants request the Court to strike certain portions of Onnen's Affidavit from the record pursuant to Fed. R. Civ. P. 12(f).  That rule states:

---

[4]Doc. 94.

[5]Doc. 95.

[6]Doc. 95, ¶ 10.

[7]Doc. 105.

[8]Doc. 106.

[9]Doc. 110.

[10]Docs. 107 (Holcomb); 108 (Johnson); 109 (Hohn).

[11]Docs. 111 (Onnen) and 112 (Pekas).

[12]Doc. 113.

[13]Doc. 114.

**(f) Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, withing 21 days after being served with the pleading.

Defendants move to strike specified paragraphs of Onnen's Affidavit because they assert those paragraphs contain nothing but "inadmissible hearsay statements and bare assertions which are not based on [Onnen's] personal knowledge." Doc. 118 at p.2.

"When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment." *Jenkins v. Winter*, 540 F.3d 742, 748 (8th Cir. 2008) (citation omitted). Inadmissible material is not "properly available to defeat or support the [summary judgment] motion." *Firemen's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir. 1993). Likewise, the United States Supreme Court indicated summary judgment should be granted against the non-moving party "unless affidavits or other evidence set forth specific facts showing that there is a genuine issue for trial. **The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit**." *Lujan v. National Wildlife Federation, et. al.*, 497 U.S. 871, 888-89, 110 S.Ct. 3177, 3188-89, 111 L.Ed.2d 695 (1990) (emphasis added, punctuation altered, citation omitted).

Onnen's Affidavit has been carefully reviewed and many of the Defendants stated objections are well taken. No part of the Affidavit will be "stricken" from the record, but those portions of the Onnen Affidavit which do not comply with Fed. R. Civ. P. 56(c)(4) will be considered consistent with the principles described in the previous paragraph to determine whether a genuine issue of fact exists which is sufficient to defeat Defendants' Motion.

Accordingly, it is ORDERED that:

1.      Defendants' Motion to Strike and Request for Shortened Response Time (Doc. 118) is DENIED. The Affidavit of Matt Onnen will be remain in the record, with each paragraph being given the consideration it is worth pursuant to Fed. R. Civ. P. 56(c)(4).

Dated September 9, 2011.

BY THE COURT:
s/John E. Simko

_____
John E. Simko
United States Magistrate Judge