UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| UNITED STATES ex rel. Matt Onnen, | * | CIV. 07-4174 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| SIOUX FALLS INDEPENDENT SCHOOL | * | ORDER |
| DISTRICT #49-5, a local government agency, | * | |
| and DARIN DARBY, DEANNA BARTH, | * | |
| KENT ALBERTY, DEBBIE HOFFMAN, | * | |
| and DOUG MORRISON, the duly elected, | * | |
| qualified, and acting Members of the | * | |
| Sioux Falls School Board, individually and | * | |
| in their official capacities, and PAMELA | * | |
| HOMEN, the duly appointed, qualified, and | * | |
| acting Superintendent of Schools of the | * | |
| Sioux Falls Independent School District, | * | |
| in her individual and official capacities, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is Defendants' Motion In Limine and Request for Expedited Ruling.[1]  Defendants have submitted a supporting Brief.[2]  For the reasons explained below, the Motion is GRANTED.

## BACKGROUND

This nearly four year old case was filed on November 19, 2007.[3]  The case was transferred to this judge with the consent of the parties on April 27, 2011.[4]  On April 28, 2011, a Scheduling

---

[1]Doc. 121.

[2]Doc. 122.

[3]Doc. 1.

[4]Doc. 94.

Order was filed which included deadlines for discovery and designated a trial date.[5]  The trial is to commence September 26, 2011.  In the Scheduling Order "[t]he parties are advised it is the court's intent this case proceed to trial on September 26, 2011, and any continuance motions will be held to a strict and strong showing of good cause."[6]  Lest there be any doubt, this case is will go to trial on September 26, 2011, if it is going to be tried.

On August 15, 2011, the Defendants filed a Motion for Judgment on the Pleadings or Alternatively for Summary Judgment,[7] along with a Statement of Undisputed Material Facts[8] and a Supporting Brief.[9]  Defendants also filed  supporting Affidavits.[10]  Thereafter, Plaintiff filed his Affidavits opposing the Defendants' Motion,[11] along with his Statement of Undisputed and Disputed Material Facts[12] and a Brief in Response to the Defendants' Motion.[13]  Defendants move in limine "that Relator, Relator's attorneys, and Relator's witnesses, be prohibited, at all times during trial or in the presence of the jury, including without limitation, voir dire, opening statements, trial depositions, testimony, cross-examination, written documents submitted into evidence, and closing arguments, from making any reference to the Updated Higher Learning Commission (HLC) Criteria Revision Initiative: 7-15-2011."[14]  During the pre-trial conference, defense counsel explained they requested an expedited ruling because they anticipated the questions about the HLC Criteria Revision Initiative: 7-15-2011 would be asked during the video deposition of Linda Johnson which is scheduled to be taken on Thursday, September 15, 2011, for use at trial.

---

[5]Doc. 95.

[6]Doc. 95, ¶ 10.

[7]Doc. 105.

[8]Doc. 106.

[9]Doc. 110.

[10]Docs. 107 (Holcomb); 108 (Johnson); 109 (Hohn).

[11]Docs. 111 (Onnen) and 112 (Pekas).

[12]Doc. 113.

[13]Doc. 114.

[14]Doc. 121, p. 1-2.

## ANALYSIS

Plaintiff asserts STI has failed to comply with obligations or requirements imposed by its accrediting body, the Higher Learning Commission (HLC). The Document at issue is a proposed revision of HLC's criteria for accreditation which is not yet finalized and has not yet been adopted by the HLC. The Defendants explain that the proposed revised criteria will not apply to STI until February, 2012 at the earliest, assuming the revisions are adopted by the HLC board. The Defendants assert their motion should be granted because the Criteria Revision Document is irrelevant. They assert it is irrelevant because "proposed revisions currently under consideration by the HLC, which have not yet been adopted, cannot form the basis for an alleged accreditation violation by STI, let alone a False Claims Act violation." [15] The Defendants further assert that even if deemed relevant, the probative value is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 403 instructs that although relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."

The events which form the basis of this lawsuit occurred between 2005 and 2007. Accreditation criteria drafted in 2011 and which will not become applicable until 2012, some five years after the events which form the basis of Onnen's claims, are not relevant to this lawsuit and even if relevant, would be more prejudicial than probative. *See, e.g. Murphy v. L & J Press Corp.* 558 F.2d 407, 411 (8th Cir. 1977) (products liability case; reversible error to admit 1971 ANSI standard into evidence when product was manufactured in 1960).

Defendants' Motion In Limine (Doc. 121) is GRANTED.

Dated September 14, 2011.

BY THE COURT:

John Simko
_____
John E. Simko
United States Magistrate Judge

---

[15]Doc. 122, p. 3.