FILED
NOV 15 2011

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES ex rel. Matt Onnen, | CIV. 07-4174 |
| Plaintiff, | |
| vs. | |
| SIOUX FALLS INDEPENDENT SCHOOL DISTRICT #49-5, a local government agency, and DARIN DARBY, DEANNA BARTH, KENT ALBERTY, DEBBIE HOFFMAN, and DOUG MORRISON, the duly elected, qualified, and acting Members of the Sioux Falls School Board, individually and in their official capacities, and PAMELA HOMEN, the duly appointed, qualified, and acting Superintendent of Schools of the Sioux Falls Independent School District, in her individual and official capacities, | ORDER RE: OBJECTION TO FILING SUPPLEMENTS TO THE RECORD (DOC. 138) |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is defendants' motion to strike supplemental documents filed by Onnen.[1]

## BACKGROUND

On September 21, 2011, Judgment was filed contemporaneously with an Order granting summary judgment.[2]

---

[1] Doc. 138, filed as Objection and October 20, 2011 docket entry noting the Doc. 138 as a motion.

[2] Doc. 129.

1

On October 12, 2011, Onnen filed the "trial deposition" of Linda Johnson and "the deposition" of William Hansen.[3] The transcripts do not reflect the purpose for the depositions, but it appears the Johnson deposition was taken for use at trial and the Hansen deposition was a discovery deposition.[4] The Johnson deposition was taken on September 15, 2011. The Hansen deposition was taken on September 16, 2011.

On October 19, 2011, Onnen filed "Second Supplemental Disclosures Pursuant to the Federal Rule of Civil Procedure 26(a)(1)."[5] These documents are (1) *defendant school district's*[6] supplement to its initial disclosures, and (2) documents which appear to be from personnel files including transcripts, resumes and credentialing reminder memos.

Trial was scheduled to begin September 26, 2011.[7] On September 19, 2011, the day pretrial filings were due from the parties, counsel were advised that summary judgment would soon be granted in favor of the defense so the parties could discontinue trial preparation.[8] Neither the

---

[3] Doc. 134.

[4] Johnson is defendants' expert. Hansen is plaintiff's expert. Counsel for the defense began questioning during both depositions.

[5] Doc. 137.

[6] Italics added to emphasize this part of plaintiff's supplement to the record came from the defense, i.e. defendants supplements to initial disclosures previously prepared by the defense and served on the plaintiff. These documents are not plaintiffs own disclosures, but are documents plaintiff wants in the record even though they were not part of the record considered in connection with the motion for summary judgment.

[7] Doc. 95.

[8] Email sent to counsel of record (jpekas@aol.com, rsamp@samplaw.com, shanson@dehs.com, ahohn@dehs.com, kford@dehs.com, diana.ryan@usdoj.gov) on September 19, 2011, at 10:19 AM:

deposition transcripts nor the personnel file documents were in the record or considered in connection with the motion for summary judgment.

After judgment was filed the defendants moved for an award of attorneys' fees and taxed costs. Onnen disputes both.

## ANALYSIS

### Jurisdiction.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal."[9] "A "district court retains jurisdiction over collateral matters, such as attorney's fees ..., while an appeal is pending ."[10] "It is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

---

Dear Counsel:

An opinion on the Defendants' Motion for Judgment on the Pleadings or in the alternative for Summary Judgment will be forthcoming shortly. The motion will be granted. Since today is the deadline for pretrial filings I wanted to alert you to my decision so you may stop preparations for trial.

Sincerely,

John E. Simko
United States Magistrate Judge

---

[9]*State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999).

[10]*Peter v. Jax*, 187 F.3d 829, 833 n.2 (8th Cir. 1999) citing *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d at 1107 n.3 (8th Cir.), *cert. denied*, 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799 (1999).

appeal."[11] When there is a question about jurisdiction "... the district court should stay its hand until we resolve the issue of our jurisdiction, or remand for further clarification of that issue."[12]

**Discussion.**

The apparent purpose for filing the deposition transcripts and personnel file documents is to make them available to the Eighth Circuit Court of Appeals. At the risk of being redundant, these transcripts and documents were not part of the record when the motion for summary judgment was decided.

Both the motion for summary judgment and judgment were decided and filed before the transcripts and documents were filed. It has not been suggested that the transcripts or the documents are necessary to decide the disputes about costs and an award of attorneys' fees. Those decisions have not yet been made, so there is no order from which an appeal could be taken. If the transcripts and documents were filed to support arguments about costs and attorneys' fees, the transcripts would not be related to a subject on appeal. But briefing has been completed about the disputed costs and attorneys' fees with no mention of the transcripts or documents in the briefs.[13] These transcripts and documents, therefore, must not be related to an issue remaining to be decided at the trial level. By a process of elimination, it is apparent these are transcripts and documents plaintiff wants in the record for his appeal to the Eighth Circuit Court of Appeals. Because these transcripts and documents apparently relate to a subject on appeal, it is for the appellate court to decide whether

---

[11]*Knutson v. AG Processing, Inc.,* 302 F.Supp.2d 1023, 1030 (N.D. Iowa 2004) citing *Griggs v. Provident Consumer Discount Company,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

[12]*State ex rel. Nixon State v. Coeur D'Alene Tribe,* 164 F.3d at 1107.

[13]The time has expired for defendants to file a rebuttal brief.

these transcripts and documents should be a part of the record on appeal inasmuch as the notice of appeal was filed before the transcripts and documents were filed.[14]

It is ORDERED that the motion to strike (Doc. 138) the filing of the supplemental material is DEFERRED unless the Eighth Circuit Court of Appeals remands the matter for decision.

Dated November 15, 2011.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

---

[14] See Federal Rules of Appellate Procedure 10(b) relating to transcripts of proceedings and 10(e) relating to correcting or modifying the record. No mention of Rule 10(e)(2)(B) has been made to the district court.