UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
NOV 29 2011



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES ex rel. Matt Onnen, | \* | CIV. 07-4174 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| vs. | \* | |
| | \* | |
| SIOUX FALLS INDEPENDENT SCHOOL DISTRICT #49-5, a local government agency, and DARIN DARBY, DEANNA BARTH, KENT ALBERTY, DEBBIE HOFFMAN, and DOUG MORRISON, the duly elected, qualified, and acting Members of the Sioux Falls School Board, individually and in their official capacities, and PAMELA HOMEN, the duly appointed, qualified, and acting Superintendent of Schools of the Sioux Falls Independent School District, in her individual and official capacities, | \* | MEMORANDUM OPINION and ORDER RE: ATTORNEY FEES (DOC. 131) |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is defendants' motion for attorney fees.[1]

## BACKGROUND

Onnen sued the Sioux Falls School District, its superintendent and its school board members under the False Claims Act claiming they falsely certified compliance with the Program Participation Agreement to which Southeast Technical Institute was a party. Summary judgment was granted in favor of the defendants because (1) Onnen failed to put facts into the record to support his conclusory

---

[1]Doc. 131.

allegations, and (2) the False Claims Act is not concerned with regulatory non-compliance– there is a complex monitoring and remedial scheme of federal regulations which protects the government's fiscal interests in this case.[2] Defendants seek an award of attorney fees in the amount of $145,335.00 under 31 U.S.C. § 3730(d)(4). For a detailed recitation of the background see Document 128, the opinion describing the reasons for granting summary judgment.

This case is currently pending on appeal to the Eighth Circuit Court of Appeals. Pursuant to Eighth Circuit precedent the trial court retains jurisdiction to decide collateral matters not the subject of the appeal, such as attorney fees.[3]

## ANALYSIS

**Defendants' Arguments.**

Defendants assert "Onnen had utterly no evidentiary basis for his claims" that by certifying STI was in compliance with federal regulations and statutes when it was not in compliance, it violated the False Claims Act.[4] "The entire case was based on Onnen's own unfounded assertions, speculation and conjecture, nothing more."[5] "Onnen's continued litigation, despite the obvious lack of evidence, also supports a finding that his claims were vexatious and made with the primary intent to harass."[6] "Onnen hired a DOE expert who could not say anything more than that the allegations

---

[2]Doc. 128.

[3]*Peter v. Jax*, 187 F.3d 829, 833 n.2 (8th Cir. 1999) citing *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d at 1107 n.3 (8th Cir. 1999).

[4]Doc. 132, p. 3.

[5]Id. p. 3-4.

[6]Id.

might warrant a review, showing even his own expert considered Onnen's claims groundless and unreasonable. Yet Onnen continued to press his allegation that STI's accreditation with HLC and ability to receive Title IV funding were in jeopardy."[7]

Defendants rely on *United States ex rel. Mikes v. Straus.*[8]

**Plaintiff's Arguments.**

Onnen asserts he survived the second and third motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) after the first motion to dismiss was granted without prejudice so that the complaint could be amended.[9]

> Finally, two years and one hundred fourteen days after the summons was issued, the Defendant's (sic) answered the Complaint. The Plaintiff did not require the Defendant's (sic) to go through 57 document entries over a period of two years and one hundred fourteen days from Summons to Answer. As shown by the record, it took only 38 document entries to go from Answer to Summary Judgment. Any vexation or harassment felt by the Defendant's (sic) was of their own doing.
>
> . . .
>
> The Plaintiff/Relator, Onnen, presented a claim that survived three Motions to Dismiss and a Motion for Judgment on the Pleadings before finally succumbing to a Summary Judgment Motion which is now on appeal.
>
> On a final note, the assertion of $145,000.00 in attorney fees by a public agency such as the school district against an individual can't but have a chilling effect on other individuals who might be willing to come forward to expose government fraud and corruption and weaken the public policy sought to be enforced by the False Claims Act.[10]

---

[7]Id. p. 5.

[8]*United States ex rel. Mikes v. Straus*, 274 F.3d 687, 704-05 (2nd Cir. 2001).

[9]Doc. 149, p. 1.

[10]Id. pp. 1-2, 4.

Onnen also argues the summary judgment was wrongly decided because (1) "the Magistrate Judge's opinion, without testimony or a chance to observe witnesses, determined the state of mind of the persons at STI," and (2) "the court held that the Plaintiff's claim was only a claim of regulatory violations because South Dakota has numerous regulations regarding education, rather than a false certification of compliance with the PPA."[11]

Onnen distinguishes *Mikes* because ". . . Onnen alleged false certification materially distinct from *Mikes*."[12] Onnen relies on *Cox v. General Dynamics*,[13] *Montgomery v. St. Edwards Mercy Medical Center*,[14] and *Redwood v. Dobson*.[15]

**Underlying Facts.**

The underlying facts are those recited by the South Dakota Supreme Court in its decision affirming the trial court in Onnen's state court litigation about his termination.[16] Judicial notice is taken of these facts to the extent they are not already in the record in this federal case.

> Onnen began working for STI in 2003. In August 2005, he was hired as STI's registrar under a written contract. He continued his employment under annual written contracts. As registrar, Onnen was responsible for ensuring students met all the graduation requirements before receiving a degree.

---

[11]Id. p. 2.

[12]Id. p. 3 (punctuation altered).

[13]*Cox v. General Dynamics*, 2010 WL 2218614 (D. Neb.).

[14]*Montgomery v. St. Edwards Mercy Medical Center*, 2008 WL 110858 (E.D. Ark).

[15]*Redwood v. Dobson*, 473 F.3d 462, 470 (7th Cir. 2007).

[16]*Onnen v. Sioux Falls Independent School Dist. No. 49-5*, 801 N.W.2d 752, 753 -754 (S.D. 2011).

4

Onnen's supervisor, Jim Rokusek, was informed in August 2007 that a student had received a degree despite failing to meet all of the graduation requirements. After investigation, Rokusek discovered that 12 additional students had improperly received degrees and STI's records incorrectly reflected that the students were graduates. Thereafter, Rokusek met with Onnen and others to discuss the degree errors. Onnen admitted he knew as early as June 2007 that six or seven degrees had been sent out incorrectly and that he had personally issued three of them. A work-study student sent out the other degrees while Onnen was on annual leave. Onnen denied knowing of any other improperly conferred degrees. Onnen said that he had called some of the students who received an improperly conferred degree to inform them they had not graduated, but he did not keep a list of who he reached. Onnen admitted that he had not informed his superiors of the errors. As a result, STI suspended Onnen for three days with pay so that STI could conduct a more thorough investigation. Onnen was given a memorandum stating that he had a right to prepare a written response to the suspension, which he did not do.

During Onnen's suspension period, STI commenced an investigation to determine the scope of degree errors and how to address the problem. STI officials found that 15 more improperly conferred degrees or diplomas were approved and awarded by Onnen the previous year, bringing the total to 28. They also discovered 40–50 students were entitled to a degree or diploma, but had not received one. Finally, they found out that over 250 students had not been verified for graduation at all, though the task should have been done months earlier.

Personnel from STI met to discuss the investigation results. Due to the magnitude of Onnen's errors, his refusal to take responsibility for the errors, and lack of effort to rectify the situation, they agreed Onnen should be terminated. On August 30, 2007, Onnen was given a Notice of Termination of Employment, effective immediately. The Notice outlined the investigation results and explained the severity of the errors and negative effect they could have on STI and its students. The Sioux Falls School Board (Board) affirmed the decision on September 10, 2007. On September 17, 2007, Onnen submitted a complaint to Sioux Falls School District # 49–5 (District) Superintendent Dr. Pamela Homan, alleging that he had been wrongfully terminated. Onnen appealed the District's and Board's decision of termination to circuit court. He argued that the decision to terminate him was arbitrary and capricious and in violation of public policy. He also argued that the procedure utilized by the District in terminating him was illegal. After a three-day trial, Judge Srstka affirmed the District.[17]

---

[17]*Onnen*, 801 N.W.2d at 753 -754.

**Decision.**

31 U.S.C. §3730(d)(4) provides:

> If the government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorney's fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

The terms clearly frivolous, clearly vexatious, and harassment have not been defined in the statute. Other courts have suggested the analogous and appropriate standard for awarding attorney fees to a prevailing defendant is the 42 U.S.C. § 1988 standard.[18]

There is a double standard — one for successful plaintiffs and another for successful defendants. It is harder for a successful defendant to justify an award of attorney fees because an award is justified only if the plaintiff "misused his statutory privilege and distorted the intent of the legislation."[19] A successful plaintiff is a "chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority" and attorney fees are being awarded "against a violator of federal law."[20] Under § 1988 a prevailing defendant may recover attorney fees "only if the plaintiff's claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so."[21] Objective factual support for the allegations defeats an inference that

---

[18]*Montgomery* at *1-2 and *Cox* at * 11.

[19]*Montgomery* at *1 (internal citation omitted).

[20]*Id.*

[21]*Id.* at *2 (internal citations omitted).

the allegation is frivolous, vexatious, or harassing.[22] So long as there is some basis for the claim, a prevailing defendant may not recover attorney fees.[23]

Only portions of Onnen's Complaint survived the motions to dismiss to proceed to the summary judgment stage. Judge Piersol allowed Onnen to proceed solely on his False Claims Act allegations. In his Complaint, Onnen asserted that STI violated the False Claims Act because the persons who signed the Program Participation Agreement (PPA) on behalf of STI falsely represented STI was in compliance with all pertinent federal laws and regulations.

Onnen alleged among other things that STI allowed unqualified persons to receive degrees, that it misrepresented the qualifications of its teachers, and that it misrepresented the certification of at least one of its programs. The Defendants do not dispute that these things occurred. There was some objective factual support for Onnen's claim, i.e. it was not disputed that some unqualified persons received degrees, that some teachers were not credentialed as represented, and that at least one program was not in certification as STI represented in its catalogue. In the end, however, Onnen's False Claims Act allegations failed because he was unable to produce any evidence *other than his own unverified suspicions* that these shortcomings at STI were the result of anything other than run-of-the mill mistakes or regulatory non-compliance, for which a detailed corrective regulatory scheme is already in place. That his proof ultimately fell short to survive summary judgment, however, does not render the lawsuit frivolous, vexatious, or harassing. For this reason, Defendants' motion for attorney's fees is DENIED.

---

[22]*Montgomery.* at *4-5, and at f.n. 7 citing *Mikes* as a case where an award of fees to a prevailing defendant was justified because there was no objective factual support for plaintiff's claim and no chance of success.

[23]*Cox* at *11 (internal citations omitted).

7

Pursuant to Rules 54(d)(2)(C) and 52(a)(1) this opinion constitutes the findings of fact and conclusions of law.

It is ORDERED that defendants motion for attorney fees is DENIED.[24]

Dated November 29, 2011.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

---

[24] Doc. 131.