UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
DEC 12 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES ex rel. Matt Onnen, | CIV. 07-4174 |
| Plaintiff, | |
| vs. | |
| SIOUX FALLS INDEPENDENT SCHOOL DISTRICT #49-5, a local government agency, and DARIN DARBY, DEANNA BARTH, KENT ALBERTY, DEBBIE HOFFMAN, and DOUG MORRISON, the duly elected, qualified, and acting Members of the Sioux Falls School Board, individually and in their official capacities, and PAMELA HOMEN, the duly appointed, qualified, and acting Superintendent of Schools of the Sioux Falls Independent School District, in her individual and official capacities, | ORDER ON MOTIONS |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Onnen's Motion to Review Bill of Costs (Doc. 163). Onnen objects to the Taxation of Costs (Doc. 162). Counsel provided an affidavit to support the motion (Doc. 164) asserting the Clerk did not timely tax costs.

Also pending is Onnen's Motion to Review Partial Bill of Costs (Doc. 165). Onnen objects to part of the Taxation of Costs, i.e. videographer fees and the second deposition of Dr. Linda Johnson. Counsel filed an affidavit, but not a brief, to support the motion (Doc. 166).

Defendants did not respond to either motion.

## BACKGROUND

On September 21, 2011, judgment was entered in favor of the defendants (Doc. 129). Defendants filed their Bill of Costs on September 23, 2011 (Doc. 130). Twenty-one days later, on October 14, 2011, Onnen filed objections to the Bill of Costs (Doc. 135).

On October 20, 2011, Onnen filed his Notice of Appeal (Doc. 139). On October 1, 2012, the Eighth Circuit Court of Appeals issued its Mandate affirming the dismissal of the case (Doc. 161). Costs were taxed on October 5, 2012 (Doc. 162). The pending motions were filed on October 12, 2012 (Docs. 163 and 165).

## ANALYSIS

Onnen brings the instant motions pursuant to FED.R.CIV.P. 54(d)(1) which provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Local Rule of Civil Procedure 54.1A provides:

> Before costs may be taxed, the prevailing party entitled to recover costs shall file a verified bill of costs within 28 calendar days after entry of judgment or an order of dismissal, together with proof of service on the party liable for costs. The party liable for costs may within 14 calendar days thereafter file with the clerk of court exceptions to the costs or any specific item therein.
>
> The clerk of court may then tax costs and, upon allowance, the costs shall be included in the judgment or decree. Upon motion of either party within 7 calendar days after the clerk taxes costs, the action of the clerk may be reviewed by the court.

**Onnen's Motion, Doc. 163:**

In the affidavit to support the Motion to Review Bill of Costs (Doc. 164), counsel asserts the "Clerk had a 14 day's [sic] notice from the date of Judgment, September 21, 2011 to tax costs. The time to award taxation of costs expired on October 12, 2011." (Doc. 164, p 2.)

Rule 54 does not require the clerk to tax costs within 14 days. Rule 54 provides that the clerk may tax costs on 14 days notice, so that an objecting party has 14 days to file objections. Notice was given on September 23, 2011, when the defense filed their verified bill of costs. Onnen's objections were not filed within 14 days from September 23, 2011. The defendants are the prevailing party to whom FED.R.CIV.P. 54(d)(1) and Local Rule 54.1A provide costs should be allowed. On the merits, the costs which were taxed by the Clerk were reasonably incurred. The Motion to Review Bill of Costs (Doc. 163) is DENIED.

**Onnen's Motion, Doc. 165:**

Defendants timely filed their verified bill of costs on September 23, 2011. Twenty-one days later, on October 14, 2011, Onnen filed his objections to $922.20 in videographer fees for the deposition of Linda Johnson on September 15, 2011 (Doc. 135). Notwithstanding the untimely objection, the Clerk of Court considered Onnen's objection, but concluded the costs were reasonably incurred.

Although Onnen did not originally object to the costs which were allowed for the second deposition of Linda Johnson, Onnen now also objects to $818.85 for deposition fees for the second deposition of Dr. Linda Johnson, in addition to $117.25 in expenses for the first deposition. It appears the second deposition of Linda Johnson could have been, and under the circumstances probably was for use at trial, as distinguished from discovery. Neither the plaintiff nor the defense has addressed this issue, so the conclusion reached is that the parties followed the Scheduling Order. Onnen objected that the Johnson deposition was outside of the deadline for depositions allowed by the Scheduling Order, but the Scheduling Order does not prevent parties from taking testimony from witnesses for use at trial by deposition. Because Plaintiff failed to timely file objections within 14

calendar days as required by L.R.Civ.P. 54.1A, Onnen's Motion to Review Partial Bill of Costs (Doc. 165) is DENIED.

**ORDER**

It is ORDERED that Onnen's Motions (Docs. 163 and 165) to review the taxation of costs are DENIED.

Dated this 12 day of December, 2012.

BY THE COURT:

John E. Simko
United States Magistrate Judge